UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM H. BRANSFORD,<br><br>                  Petitioner,<br><br>v.<br><br>WARDEN DAN WINKELSKI,<br><br>                  Respondent. | Case No. 20-CV-462-JPS<br><br>**ORDER** |

      On March 23, 2020, Petitioner William H. Bransford ("Bransford") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his continued incarceration in the custody of the State of Wisconsin is a violation of his constitutional rights. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

      According to his petition and the state court docket, on April 23, 2002, Bransford was adjudged guilty by a jury of his peers of one count of robbery, one count of kidnapping, and six counts of second-degree sexual

assault/use of force in Milwaukee County Circuit Court Case No. 2001CF6890. He received a bifurcated sentence of 168 years with 112 years to be served in the Wisconsin State Prison System and 56 years of extended supervision, with all counts running consecutively. Shortly thereafter, Bransford filed a motion for resentencing which was denied by the Milwaukee County Circuit Court on October 20, 2003. The Wisconsin Court of Appeals affirmed this decision on December 17, 2004, and the Supreme Court of Wisconsin denied Bransford's petition for review on April 6, 2005. Starting in June 2014, Bransford initiated a series of collateral attacks on his conviction and sentence on grounds including ineffective assistance of counsel and improper denial of his post-conviction motion to review his presentence investigation report. The Milwaukee County Circuit Court denied all three of his challenges; the Wisconsin Court of Appeals affirmed these denials; and the Supreme Court of Wisconsin declined review of these decisions. *See State v. Bransford ("Bransford II")*, No. 2014AP1607-CR; *State v. Bransford ("Bransford III")*, No. 2016AP553-W; *State v. Bransford ("Bransford IIII")*, No. 2018AP266.

The court begins its Rule 4 review by examining the timeliness of the habeas petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Page 2 of 5
Case 2:20-cv-00462-JPS   Filed 10/27/20   Page 2 of 5   Document 6

Here, Bransford's petition is untimely. Bransford's direct appeal ended on April 6, 2005, the day that the Wisconsin Supreme Court denied his request for discretionary review. His ninety-day period for petitioning the U.S. Supreme Court for certiorari began on April 6, 2005 and expired on July 5, 2005. Bransford did not seek a writ of certiorari, so the one-year habeas clock started to run on July 5, 2005. It was not until June 25, 2014, nearly ten years after the statute of limitations began to run, that Bransford filed his first collateral attack of his conviction and sentence. Thus, despite any of the tolling that may have been afforded under 28 U.S.C. § 2244(d)(2) during the pendency of his interim state challenges, the statute of limitations had already run. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, Bransford's present petition is untimely.

Bransford argues that he should not be procedurally barred from pursuing his habeas petition because he has been "diligently pursuing relief as a *pro se* litigant in the state court since [2014]." (Docket #2 at 7). A late petition can only be considered under two circumstances. The first is commonly known as the "actual innocence" exception, i.e., if the petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Bransford does not present evidence of actual innocence, so the first exception is not at play.

The second exception is "equitable tolling," which is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears

the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Bransford did not initiate his pursuit of relief until nearly ten years after his direct appeal was made final. This cannot be characterized as "diligent." Further, Bransford has failed to allege any "extraordinary circumstances" that prevented him from timely filing this petition. Accordingly, the Court will not equitably toll the statute of limitations in this case.

Because Bransford's petition is untimely, his petition must be dismissed under Rule 4. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Bransford must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). In this case, no reasonable jurists could debate whether Bransford's petition was timely. As a consequence, the Court is compelled to deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge